IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH R. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:10cv771-CSC |
| ) | [WO] |
| ) | |
| GOV. BOB RILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

In this 42 U.S.C. § 1983 action, the plaintiff Kenneth Griffin ("Griffin"), a state inmate, alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged by the defendants. He names former Governor Bob Riley, former Attorney General Troy King, former Director of Public Safety J. Christopher Murphy, former Commissioner of the Alabama Department of Corrections Richard Allen, Director of Central Records Kathy Holt, and Director of Classification Carolyn Golson as defendants. The plaintiff seeks a trial by jury, damages, declaratory relief, preliminary and permanent injunctive relief, and costs. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

The defendants filed an answer, special report, and relevant supporting evidentiary materials addressing Griffin's claims for relief. The court informed Griffin that the defendants' special report may, at any time, be treated as a motion for summary judgment,

and the court explained to Griffin the proper manner in which to respond to a motion for summary judgment. Griffin has responded to the defendants' special report. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and the Plaintiff's opposition, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute]$^1$ as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

2

there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at

3

1263.

Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) . "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material

under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a

motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). In addition, although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. For the reasons that follow, the court concludes that the plaintiff has failed to demonstrate a requisite genuine dispute of material fact sufficient to preclude summary judgment. *Matsushita*, *supra*.

## II. BACKGROUND

When this lawsuit was filed, Griffin was in the custody of the Alabama Department of Corrections and incarcerated at the Elmore Correctional Facility in Elmore, Alabama. The evidentiary material before the court shows that he was serving a five year sentence following his 2008 conviction in the Circuit Court for Talladega County, Alabama, for possession of obscene material of a person under 17 years old. On August 2, 2008, Plaintiff's probation was revoked. Plaintiff was released from the Alabama Department of Corrections on March 12, 2013.

In the present action, Plaintiff alleges that the Alabama Community Notification Act ["the Act" or "ACNA"], ALA. CODE 1975 § 15-20-1 *et seq*. (1975, as amended), is

unconstitutional as applied to him. He makes a variety of allegations claiming abuse, harassment, discrimination, and general hardship based on the application to him of the ACNA. Griffin also asserts that the defendants' enactment, application, and enforcement of the ACNA violates (1) his substantive rights, privileges and immunities protected by the Constitution; (2) the Civil Rights of Institutionalized Persons Act [CRIPA], 42 U.S.C. § 1997, *et seq.*; (3) the Religious Land Use and Institutionalized Persons Act [RLUIPA], 42 U.S.C. § 2000cc(1)(a), *et seq.*; (4) the Americans with Disabilities Act [ADA], 42 U.S.C. § 12101, *et seq.*; and (5) the Alabama Religious Freedom Amendment [ARFA], under art. I, § 3.01 of the Alabama Constitution. (Doc. # 1). In an amendment to the complaint, Griffin complains that the State of Alabama does not provide a classification system for sex offenders on its public registry which would allow offenders to be grouped according to an individual assessment of dangerousness and risk of re-offending. (Doc. # 12.)

### III. DISCUSSION

*A. The ACNA Claims*

The Alabama Community Notification Act became effective in 1996. On July 1, 2011, the Act was repealed and replaced by the Alabama Sex Offender Registration and Community Notification Act, Alabama Act No. 2011–640, § 49, ALA. CODE § 15–20A–1, *et seq.*, ["ASORCNA"]. ASORCNA now governs the registration and community notification requirements applicable to adult sex offenders as defined in § 15-20A-4(1) and is "applicable to every adult sex offender convicted of a sex offense as defined in Section 15-

20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." ALA. CODE § 15-20A-3. Plaintiff's conviction for possession of obscene material subjects him to the provisions of ASORCNA upon his release from incarceration.

Because the ACNA was repealed by the Alabama Sex Offender Registration and Community Notification Act, ALA. CODE § 15–20A–1, *et seq.*, the court must decide whether repeal of the ACNA renders Plaintiff's challenges to the statute moot. If repeal of the ACNA has rendered Plaintiff's challenges moot, then these claims must be dismissed for lack of Article III jurisdiction.

Griffin was released from custody on March 12, 2013. Any past or current challenges Plaintiff seeks to make regarding the validity of the ACNA and its applicability to his conviction and/or the Act's potential future application to him or enforcement against him are now moot due to repeal of the statute.

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. CONST. ART. III, 2. Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Cont'l Bank Corp.*, 494 US. 472, 477 (1990). This is because courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).

A claim becomes moot when the controversy between the parties is no longer live

because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

> In *Saladin v. City of Milledgeville*, the Eleventh Circuit Court of Appeals determined:
>
> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d 687, 693 (11th Cir. 1987) (citations omitted).

"Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." *Coral Springs St. Sys., Inc. v. City of Sunrise,* 371 F.3d 1320, 1329 (11th Cir. 2004); *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("the repeal or amendment of an allegedly unconstitutional statute moots legal challenges to the legitimacy of the repealed legislation."); *Kremens v. Bartley,* 431 U.S. 119, 128-29 (1977) (holding moot a constitutional challenge to a state statute governing the involuntary commitment of mentally ill minors, because the law had been replaced with a different

statute). Here, the repeal of the ACNA has rendered Plaintiff's requests for injunctive and declaratory relief moot and deprives the court of jurisdiction.

The repeal of a challenged law does not necessarily moot a claim for damages by a plaintiff alleging a past violation of his rights. *Outdoor Media Group, Inc., v. City of Beaumont,* 506 F.3d 895, 902 (9th Cir. 2007). In this regard, however, the court must first consider whether Plaintiff suffered any injury with respect to his challenges concerning application to him of the ACNA as presented in the complaint. *Artway v. Attorney Gen. of State of N.J.*, 81 F.3d 1235, 1246 (3rd Cir. 1996). The mere speculative threat of injury is insufficient for Article III purposes. *See Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979).

Here, the record before the court fails to demonstrate that the provisions of the ACNA were ever applied to Griffin.[2] Griffin appears to base his claim for damages on the potential

---

[2] In a notice to the court (doc. # 48), the plaintiff suggests that he seeks damages based on the application of the Act to him from October 2007 until his probation was revoked in 2008. The plaintiff presents no evidence that the Act was applied to him, but even if the court assumes the Act was applied to him, the plaintiff presents no evidence that the defendants in this case were involved in the actions that resulted in the application of the Act to him.

The plaintiff has sued the defendants under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981). Thus, the plaintiff has failed to demonstrate that any of the named defendants were involved in the application of the ACNA to him, and he is entitled to no relief on this basis.

threat of application of various provisions of the now-repealed statute. Griffin may not, however, bring a prospective damage claims under § 1983. *See Tanner Adver. Grp., L.L.C., v. Fayette County, Ga.*, 451 F.3d 777, 786 (11th Cir. 2006). As explained, damages are reserved for constitutional deprivations that have occurred, not those that are merely speculative. *Id*. Accordingly, because there is no present case or controversy to support the court's jurisdiction over Griffin's challenges to application of various provisions of the ACNA to him, these claims shall be dismissed for lack of jurisdiction.

*B.   The Remaining Causes of Action*

    1.  *The Sex Offender Registry Classification Claim*

In an amendment to the complaint, Griffin alleges that the defendants should institute a tiered classification system based on a convicted sex offender's individual dangerousness. He argues that the failure of the State of Alabama to have such a classification system on its website registry of sex offenders violates his constitutional rights. That is, Griffin maintains that without providing information on the registry of sex offenders as to a registrant's dangerousness, those presumably not dangerous must endure the stigma of the general public erroneously thinking otherwise.   (Doc. # 12).

In *Connecticut Dep't of Pub. Safety v. Doe,* 538 U.S. 1 (2003), the Court addressed a Fourteenth Amendment Due Process challenge to Connecticut's sex offender registration and notification law on the basis that it did not provide registrants a pre-deprivation hearing to determine whether they were currently dangerous. Reasoning that "due process does not

require the opportunity to prove a fact that is not material to the State's statutory scheme," *Id.* at 4, and that Connecticut's registration requirement was "based on the fact of previous conviction, not the fact of current dangerousness," the Supreme Court found that "due process does not entitle [a defendant] to a hearing...." *Id.* at 4, 7.

Here, Griffin is entitled to no relief on his claims that he has a constitutional right either not to be stigmatized due to omission of a registrant's dangerousness on Alabama's sex offender registry and website listings or that he is entitled to a pre-listing hearin. Although Plaintiff does not assert a violation of a specific federal constitutional right with regard to this claim, the court understands him to be implicating the Fourteenth Amendment Due Process Clause. The law is well-settled that defamation or damage to reputation alone does not implicate a protected liberty or property interest. *See Paul v. Davis,* 424 U.S. 693, 701 (1976).

Furthermore, in *Doe*, the Court determined that because the basis of Connecticut's registration requirement is the fact of conviction alone, dangerousness is not material. *See Doe,* 538 U.S. at 7-8. Consequently, "due process does not entitle [Griffin] to a hearing to establish a fact not material under the [] statute." *Id*. at 6. Similarly, inclusion on Alabama's sex offender website registry is based on the fact of an offender's conviction. There is no indicator or statement regarding the dangerousness of the persons listed on the registry. *See* Alabama Department of Public Safety Community Information Center, *available at*

12

*http://dps.alabama.gov*. *See also* ALA. CODE § 15-20A-8.[3] Thus, similar to the Connecticut statute, Alabama "has decided that the registry of information of *all* sex offenders - currently dangerous or not - must be publicly disclosed" and "states are not barred by principles of '*procedural* due process' from drawing such classifications." *Doe,* 538 U.S. at 11 (emphasis in original). Accordingly, Griffin is not entitled to a pre-deprivation hearing, and the defendants are entitled to summary judgment on his sex offender registry classification claim.

2. *The Exercise of Supplemental Jurisdiction*

Griffin also seeks to invoke the supplemental jurisdiction of this court with respect to his claims arising under state law. In the posture of this case, however, the exercise of such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of operative fact."'" *L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this court's resolution of the federal claims presented in the complaint, Griffin's supplemental state law claims are due to be dismissed. *Gibbs,* 383 U.S.

---

[3] ALA. CODE § 15-20A-8 concerns registration information for the public registry website and delineates what information is to be provided.

at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well). *See also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### IV.  CONCLUSION

For the reasons as stated, and for good cause, it is

ORDERED and ADJUDGED as follows that:

1. Plaintiff's requests for declaratory and permanent injunctive relief (doc. # 1) be and are hereby DENIED as moot.

2. Plaintiff's challenges to the Alabama Community Notification Act be and are hereby DISMISSED for lack of subject matter jurisdiction.

3. Defendants' motion for summary judgment with respect to Plaintiff's remaining claims pursuant to 42 U.S.C. § 1983 (doc. # 22) be and is hereby GRANTED on jurisdictional grounds.

4. Plaintiff's state law claims be and are hereby DISMISSED without prejudice.

5. This case be and is hereby DISMISSED.

6. No costs are taxed herein.

A separate order will enter.

Done this 8th day of May, 2013.

                                                  /s/Charles S. Coody
                                                  CHARLES S. COODY
                                                  UNITED STATES MAGISTRATE JUDGE